# EXHIBIT A

12-Person Jury

FILED
5/9/2019 3:04 PM
DOROTHY BROWN
CIRCUIT CLERK
COOK COUNTY, IL
2019L005068

FILED DATE: 5/9/2019 3:04 PM   2019L005068

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

| | |
|---|---|
| TAMMY REESE, | CASE NO. [NUMBER HERE] |
| Plaintiff, | |
| v. | Judge [NAME HERE] |
| CONAGRA FOODS, INC. and CONAGRA BRANDS, INC. | *2019L005068* |
| Defendants. | |

### COMPLAINT AT LAW AND JURY DEMAND

NOW COMES the Plaintiff, TAMMY REESE, by and through her attorney, J. CRAIG SMITH of KOSKOFF KOSKOFF & BIEDER, P.C. and PETER J. FLOWERS of MEYERS & FLOWERS, LLC complaining against Defendants CONAGRA FOODS, INC. and CONAGRA BRANDS, INC. and alleges:

### INTRODUCTION

1. This products liability lawsuit seeks compensatory damages on behalf of plaintiff TAMMY REESE, who was burned and severely injured by a can of Swell Cooking Spray, which Defendants, CONAGRA FOODS, INC. and CONAGRA BRANDS, INC. (collectively, the "DEFENDANTS"), designed, manufactured, marketed, sold and distributed.

### COMMON ALLEGATIONS

2. At all times relevant to this complaint, TAMMY REESE was a resident of Shippensburg, Pennsylvania.

3. At all times relevant to this complaint, Defendant CONAGRA FOODS, INC. was a Delaware corporation with its principal place of business in Chicago, Illinois. It is currently a registered trade name for Defendant Conagra Brands, Inc.

1

4. At all times relevant to this complaint, Defendant CONAGRA BRANDS, INC. was a Delaware corporation with its principal place of business in Chicago, Illinois. It was formerly known as ConAgra Foods, Inc.

5. Defendant CONAGRA BRANDS, INC. is the successor in interest to CONAGRA FOODS, INC.

6. At all times relevant to the allegations in this complaint, DEFENDANTS were and are in the business of manufacturing, advertising and promoting the sale of various food brands, including Swell Cooking Spray.

7. DEFENDANTS designed, manufactured, filled, and/or sold the canister of Swell Cooking Spray that exploded in the kitchen of The Hub City Club.

8. The canister of Swell Cooking Spray at issue was designed, manufactured and filled in Illinois.

9. The canister of Swell Cooking Spray at issue was designed and manufactured with u-shaped vents on the domed bottom of the canister that were designed to open when the can buckled or when the bottom of the canister became convex instead of concave.

10. The canister of Swell Cooking Spray at issue was designed and manufactured so that when the can buckled and the u-shaped vents on the bottom of the canister opened, the internal contents of the canister would escape through the vents and the pressure inside the can would be reduced.

11. The contents of the canister of Swell Cooking Spray at issue included not only cooking oil, but also propellants, including extremely flammable materials such as propane and butane.

2

12. DEFENDANTS designed, manufactured, filled, and/or sold Swell Cooking Spray for use in commercial kitchens.

13. The Swell Cooking Spray reached The Hub City Club and its employee TAMMY REESE without substantial change in its condition and was stored and used in a reasonably foreseeable manner on May 9, 2017.

14. On May 9, 2017, TAMMY REESE was working in the kitchen at her place of employment, The Hub City Club, in Shippensburg, Pennsylvania.

15. At said time and place, there was a canister of Swell Cooking Spray located on a shelf above the stove.

16. The can of Swell Cooking Spray suddenly and without warning began spraying its extremely flammable contents through the u-shaped vents on the bottom of the can and then fell off the shelf and exploded into flames, igniting TAMMY REESE on fire and igniting a fire in the kitchen.

17. TAMMY REESE was performing her usual and customary duties as a cook at all relevant times.

## COUNT I – STRICT PRODUCTS LIABILITY
**(TAMMY REESE v. Conagra Foods, Inc. & Conagra Brands, Inc.)**

18. TAMMY REESE incorporates by reference paragraphs 1 through 17 of the Complaint at Law as if fully set forth herein.

19. CONAGRA FOODS, INC. and CONAGRA BRANDS, INC. have a duty to place into the stream of commerce, manufacture, distribute, market, promote, and sell Swell Cooking Spray and products that are not defective, unsafe and unreasonably dangerous when put to the use for which it was designed, manufactured, distributed, marketed, and sold.

3

20. CONAGRA FOODS, INC. and CONAGRA BRANDS, INC. did in fact design, manufacture, fill, market, promote, supply, distribute and/or sell Swell Cooking Spray to The Hub City Club for use by its employees, including TAMMY REESE.

21. CONAGRA FOODS, INC. and CONAGRA BRANDS, INC. expected the Swell Cooking Spray it was designing, manufacturing, filling, marketing, promoting, supplying, distributing and selling to reach, and it did in fact reach, consumers in the states of Illinois and Pennsylvania, including The Hub City Club and its employee TAMMY REESE, without substantial change in the condition.

22. At the time the Swell Cooking Spray left the possession of CONAGRA FOODS, INC. and CONAGRA BRANDS, INC. and the time the Swell Cooking Spray entered the stream of commerce, the Swell Cooking Spray was in a defective, unsafe and unreasonably dangerous condition. These defects include but are not limited to the following:

   a. The Swell Cooking Spray was capable of venting at temperatures lower than DEFENDANTS' specifications and/or performance standards allow;

   b. The nature and magnitude of the risk of the can venting and causing a fire was high in light of the intended and reasonably foreseeable uses of the products in and around heat sources in the kitchen, including stoves/grills;

   c. The likelihood that product users were aware of this risk was low, given that the product was designed and advertised to be used around stoves/grills, and had no adequate warnings about possible dangers of doing so;

   d. The likelihood of the Swell Cooking Spray causing and/or contributing to a fire due to venting was high in light of the intended and reasonably foreseeable use of the Swell Cooking Spray product around stoves/grills and other heating sources;

   e. The flammability of the Swell Cooking Spray product's ingredients and the Swell Cooking Spray product's risk of venting were more dangerous than a reasonably prudent consumer would expect when used in the intended and reasonably foreseeable manner of cooking;

4

 f. At the time it left the control of the manufacturer, in the state of technical and scientific knowledge, reasonable and safer alternative designs were available with respect to the flammability of the ingredients, and alternative can designs would have prevented the venting event and the injuries in this case without substantially impairing the usefulness of the intended purposes of the product;

 g. Failed to provide warnings or instructions concerning the risk of venting, risk of fire, and risk of burn injuries, in light of the likelihood that some users of the Swell Cooking Spray product would use the product in the kitchen and in close proximity to stoves/grills;

 h. Failed to provide adequate warnings concerning the risk of venting, risk of fire, and risk of burn injuries;

 i. Failed to provide adequate warnings concerning the types of propellants in the Swell Cooking Spray product including isobutane and propane;

 j. Failed to provide warnings or instructions concerning the risk of venting, risk of fire, and risk of burn injuries, in light of incident reports that some people had suffered burn injuries due to venting during ordinary use of the Swell Cooking Spray product; and

 k. Were otherwise defective, unsafe and unreasonably dangerous.

23. At all times relevant to this complaint, TAMMY REESE used the Swell Cooking Spray for its intended purpose, i.e. cooking spray, and stored it appropriately. There was no other reasonable cause of the Swell Cooking Spray's failure to properly perform other than the Swell Cooking Spray product being defective.

24. TAMMY REESE could not have discovered any defect in the Swell Cooking Spray through the exercise of due care.

25. CONAGRA FOODS, INC. and CONAGRA BRANDS, INC. as designer, manufacturer, filler, marketer, promoter, supplier, distributor and seller of food products are held to the level of knowledge of an expert in their field.

26. TAMMY REESE and her employer, The Hub City Club, did not have substantially the same knowledge regarding the dangers of the Swell Cooking Spray as the designer,

manufacturer, filler, marketer, promoter, supplier, distributor and seller: CONAGRA FOODS, INC. and CONAGRA BRANDS, INC.

27. As a direct and proximate cause of one or more of the foregoing wrongful acts or omissions by CONAGRA FOODS, INC. and CONAGRA BRANDS, INC., the Swell Cooking Spray canister exploded, and TAMMY REESE was caused to suffer and sustain injuries of a permanent nature including, but not limited to, burns, scarring and disfigurement. TAMMY REESE also suffered great pain and anguish in both mind and body. TAMMY REESE was hindered and prevented from her usual and customary duties and affairs. TAMMY REESE will be in the future caused to endure great pain, suffering and disability and has expended and become liable for substantial sums of medical care and services while endeavoring to become cured and healed of said injuries and will continue to expend and become liable for additional costs for future medical treatment. TAMMY REESE was also caused to lose earnings and will continue to lose earnings. Furthermore, TAMMY REESE was unable to and will in the future be unable to attend to her normal affairs and duties for an indefinite period of time.

WHEREFORE, TAMMY REESE prays for judgment against Defendants, CONAGRA FOODS, INC. and CONAGRA BRANDS, INC., in a sum in excess of jurisdictional limits of this Court, together with interests and costs of this action.

## COUNT II – NEGLIGENCE
**(TAMMY REESE v. Conagra Foods, Inc. & Conagra Brands, Inc.)**

28. TAMMY REESE incorporates by reference paragraphs 1 through 27 of the Complaint at Law as if fully set forth herein.

29. At all times relevant, it was the duty of CONAGRA FOODS, INC. and CONAGRA BRANDS, INC. to exercise due care in designing, manufacturing, filling, marketing, promoting,

6

supplying, distributing and/or selling Swell Cooking Spray products such that they would be reasonably safe for their intended use.

30. CONAGRA FOODS, INC. and CONAGRA BRANDS, INC. negligence in the design, manufacture, testing, filling, marketing, promotion, supplying, distribution and/or sale of the Swell Cooking Spray products includes but is not limited to the following:

    a. Negligently failed to appropriately inform users of the dangers associated with the Swell Cooking Spray;

    b. Negligently misrepresented material facts regarding the Swell Cooking Spray's safety and fitness for use around stoves/grills and other heating sources when in fact they are not safe for use in these areas;

    c. Negligently misrepresented material facts regarding the Swell Cooking Spray's safety by withholding information regarding adverse events and information about incidents of venting and injury caused by the cans;

    d. After receiving post-marketing incident reports and/or testing data, CONAGRA FOODS, INC. and CONAGRA BRANDS, INC., knew, or in the exercise of reasonable care, should have known that there was a significant risk of venting, fire, and burn injuries associated with the use and/or storage of the Swell Cooking Spray product and failed to communicate or warn users of this information;

    e. Failed to provide warnings or instructions concerning the risk of venting, risk of fire, and risk of burn injuries, in light of the likelihood that some users of the Swell Cooking Spray product would use the product in the kitchen and in close proximity to stoves/grills;

    f. Failed to provide adequate warnings concerning the risk of venting, risk of fire, and risk of burn injuries;

    g. Failed to provide adequate warnings concerning the types of propellants in the Swell Cooking Spray product including isobutane and propane;

    h. Failed to provide warnings or instructions concerning the risk of venting, risk of fire, and risk of burn injuries, in light of incident reports that some people had suffered burn injuries due to venting during ordinary use of the Swell Cooking Spray product;

    i. Failed to provide adequate instructions to persons cooking with and around their Swell Cooking Spray products;

7

j.  Failed to provide adequate instructions concerning safe and/or safer methods of cooking with and around Swell Cooking Spray products;

k.  Failed to conduct adequate testing on their Swell Cooking Spray products to determine the venting hazards to which consumers and individuals such as TAMMY REESE may be exposed to while working with and/or around their products;

l.  Failed to monitor and analyze what post-marketing reports observed with regard to individuals working with and around DEFENDANTS' Swell Cooking Spray products and/or substantially similar products;

m.  Used a canister which was not designed and/or manufactured to withstand a pressure of at least 270 psig at 130 degrees Fahrenheit without bursting in violation of 49 C.F.R. §178.33a(3)(ii); and

n.  Were otherwise negligent in the design, manufacture, marketing, advertisement, promotion, sale and distribution of the Swell Cooking Spray products.

31.  CONAGRA FOODS, INC. and CONAGRA BRANDS, INC. knew or had reason to know that TAMMY REESE and The Hub City Club, as members of the general public for whose use the Swell Cooking Spray was placed into interstate commerce, would be likely to use the Swell Cooking Spray in a manner described in this Complaint.

32.  CONAGRA FOODS, INC. and CONAGRA BRANDS, INC. knew or reasonably should have known of the danger associated with the manner and circumstances of TAMMY REESE's foreseeable use of the Swell Cooking Spray, which danger would not be obvious to the general public.

33.  TAMMY REESE used the Swell Cooking Spray for its intended purpose, i.e. cooking spray, and stored it appropriately, and there was no other reasonable cause of the Swell Cooking Spray's failure to properly perform other than the Swell Cooking Spray product being defective.

8

34. TAMMY REESE could not have discovered any defect in the Swell Cooking Spray through the exercise of due care.

35. CONAGRA FOODS, INC. and CONAGRA BRANDS, INC. as designers, manufacturers, testers, fillers, marketers, promoters, suppliers, distributers and sellers of food products are held to the level of knowledge of an expert in their field.

36. TAMMY REESE and her employer, The Hub City Club, did not have substantially the same knowledge regarding the dangers of the Swell Cooking Spray as the designer, manufacturer, filler, marketer, promoter, supplier, distributor and seller: CONAGRA FOODS, INC. and CONAGRA BRANDS, INC.

37. As a direct and proximate cause of one or more of the foregoing wrongful acts or omissions by CONAGRA FOODS, INC. and CONAGRA BRANDS, INC., the Swell Cooking Spray canister exploded, and TAMMY REESE was caused to suffer and sustain injuries of a permanent nature including, but not limited to, burns, scarring and disfigurement. TAMMY REESE also suffered great pain and anguish in both mind and body. TAMMY REESE was hindered and prevented from her usual and customary duties and affairs. TAMMY REESE will be in the future caused to endure great pain, suffering and disability and has expended and become liable for substantial sums of medical care and services while endeavoring to become cured and healed of said injuries and will continue to expend and become liable for additional costs for future medical treatment. TAMMY REESE was also caused to lose earnings and will continue to lose earnings. Furthermore, TAMMY REESE was unable to and will in the future be unable to attend to her normal affairs and duties for an indefinite period of time.

WHEREFORE, TAMMY REESE prays for judgment against Defendants, CONAGRA FOODS, INC. and CONAGRA BRANDS, INC., in a sum in excess of jurisdictional limits of this Court, together with interests and costs of this action.

## JURY DEMAND

PLAINTIFF HEREIN DEMANDS A TRIAL BY JURY.

RESPECTFULLY SUBMITTED,

MEYERS & FLOWERS, LLC.

By: /s/ Peter J. Flowers, Esq.
    Peter J. Flowers
    One of the Attorneys for Plaintiff

Peter J. Flowers, Esq. *(Firm No. 56079)*
Frank V. Cesarone
Meyers & Flowers, LLC
225 West Wacker Drive, Suite 1515
Chicago, Illinois 60606
PH: (630) 232-6333
FAX: (630) 845-8982
pjf@meyers-flowers.com
fvc@meyers-flowers.com

J. Craig Smith, Esq. *(To be admitted Pro Hac Vice)*
Koskoff Koskoff & Bieder, P.C.
350 Fairfield Avenue
Bridgeport, Connecticut 06604
PH: (203) 336-4421
FAX: (203) 368-3244
csmith@koskoff.com